UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

Naomi Stein,

                Plaintiff,                                      C.A. No.: 2:23-cv-1096

      -against-                                          **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Puronics, LLC,
Synchrony Bank,

                Defendant(s).

-------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Naomi Stein ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), Defendant Puronics, LLC ("Puronics"), and Defendant Synchrony Bank ("Synchrony Bank") respectfully sets forth, complains, and alleges, upon information and belief, the following:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Nassau.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of New York, and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 80 State St, Albany, NY 12207.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of New York, and may be served with process upon the Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY 12207.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of New York, and may be served with process upon the C T Corporation System, its registered agent for service of process at 28 Liberty St 42nd Floor, New York, NY 10005.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Puronics, LLC is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service of process at Corporation Service Company, 2710 Gateway Oaks Dr Ste 150n, Sacramento, CA 95833.

16. Synchrony Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address for service of process at 170 W Election Rd Ste 125, Draper, UT 84020.

## FACTUAL ALLEGATIONS

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18. Plaintiff purchased a Puronics water filtration system in around October of 2019.

19. The total price of the water filtration system was $4,295.00.

20. Plaintiff was told that she could either pay the total price in one payment or pay monthly over a few years, interest free.

21. Plaintiff verified with a Puronics representative that the payments would remain interest free for the duration of the payment period and was re-assured that it would.

22. Apparently, without her knowledge or consent, Puronics signed Plaintiff up for a Synchrony Bank financing plan.

23. Without Plaintiff's knowledge or consent, the Synchrony Bank account covertly accrued interest for the entire duration of Plaintiff's payment period and then, towards the end of the loan, applied the interest retroactively to all of her prior monthly payments to add to her original purchase price.

24. In around November 2022, when Plaintiff was a few payments away from satisfying her total obligation, Puronics deceptively added interest to Plaintiff's balance, increasing the outstanding total amount due to $3,852.00.

25. The retroactive application of interest served to extend the life of the loan by approximately three years.

26. From her first payment through the filing of this Complaint, Plaintiff has made regular payments of $109.00 per month.

27. As of the filing of this Complaint, Plaintiff has paid more than the price of the water filtration system.

28. To date, Plaintiff has paid $4,469.00 for her water filtration system.

29. Plaintiff called the company to find out why they had increased her balance just before she finished paying it off.

30. A Puronics representative said there is nothing they could do and interest was accruing the whole time.

31. Plaintiff never would have signed up for a financing plan with interest.

32. Plaintiff relied on the statements of a representative of Puronics that the monthly payments were not subject to the accrual of interest.

33. Puronics has been reporting an inaccurate outstanding balance on Plaintiff's credit reports.

34. Despite the fact that Plaintiff has satisfied her debt in full with Puronics, Plaintiff has continued making monthly payments in the amount of $109.00 per month to protect her credit score.

## Puronics, LLC Dispute and Violation

35. Upon information and belief, on a date better known to Transunion, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to her SYNCB/PURONICS account with account number 603462472701**** (hereinafter "Account").

36. The inaccurate information furnished by Puronics, LLC and/or Synchrony Bank and published by the Bureaus is inaccurate since Plaintiff does not have any outstanding balance on this Account.

37. It is materially misleading to report Plaintiff with an outstanding balance when Puronics, LLC deceptively added interest payments to Plaintiff's Account towards the end of her payments without her knowledge or consent.

38. The reporting of an erroneous outstanding balance serves to mislead potential lenders as to Plaintiff's true utilization of credit.

39. The reporting of an erroneous outstanding balance serves to artificially lower Plaintiff's credit score, which in turn misleads potential lenders as to Plaintiff's creditworthiness.

40. Plaintiff does not have any late payment notations on her credit report and does not want this Account to have a further negative impact to her credit score.

41. Plaintiff has continued to pay off this erroneous debt every month to avoid further damage to her credit score.

42. Plaintiff has paid $109.00 every month to Puronics despite the fact that she has already satisfied her debt in full.

43. Plaintiff disputed the Account with the Bureaus on November 15, 2022.

44. In her dispute, Plaintiff explained what happened with Puronics, LLC and how they scammed her.

45. Plaintiff included with her dispute a copy of her New York State driver's license, a recent utility bill, and bank statements supporting her $109.00 monthly payments to Synchrony Bank for the Account.

46. The United States Postal Service confirmed receipt of Plaintiff's dispute by the Bureaus.

47. Equifax and Experian responded to Plaintiff's dispute with letter purportedly verifying that the credit account was reporting correctly.

48. Transunion failed to provide a response to Plaintiff's dispute, in violation of the FCRA.

49. Plaintiff sent a copy of the dispute directly to Puronics, LLC to provide notice of her dispute.

50. Despite Plaintiff's dispute and the fact that Plaintiff does not owe any outstanding payment on her Account, the Bureaus continue to report Plaintiff's Account with an outstanding balance.

51. This inaccurate information on Plaintiff's credit report has negatively affected her credit score.

52. Plaintiff sought to refinance her mortgage loan.

53. On December 28, 2022, Plaintiff received a letter from a mortgage broker, who informed her that her score was lower due to the fact that she was utilizing more than 50% of the maximum allowed credit for the Account.

54. Due to the inaccurate reporting of the Account, Plaintiff cannot qualify for a mortgage with an affordable rate.

55. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

56. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

57. It is believed and therefore averred that the Bureaus notified Puronics, LLC and Synchrony Bank of the Plaintiff's dispute.

58. Upon receipt of the dispute of the Account from the Plaintiff by the Bureaus, Puronics, LLC and Synchrony Bank failed to conduct a reasonable investigation and continued to

report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed Account.

59. Had Puronics, LLC and Synchrony Bank done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Puronics, LLC and Synchrony Bank that Plaintiff had paid off her total obligation and does not owe any outstanding balance.

60. Despite Plaintiff's dispute that the information on her consumer reports was inaccurate with respect to the disputed Account, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed account was inaccurate.

61. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

62. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the Account should not be reporting with an outstanding balance.

63. The Bureaus are perpetuating Puronic's financing scam by continuing to report an outstanding balance on Plaintiff's credit report.

64. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

65. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

## FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to the Bureaus)

66. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

68. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

69. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Naomi Stein, an individual, demands judgement in her favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to the Bureaus)**

73. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

75. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

76. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

    h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

77. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

78. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Naomi Stein, an individual, demands judgement in her favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Puronics, LLC and Synchrony Bank)**

80. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

82. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

83. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

84. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

85. Puronics, LLC and Synchrony Bank violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

86. As a result of the conduct, action and inaction of Puronics, LLC and Synchrony Bank, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

87. The conduct, action and inaction of Puronics, LLC and Synchrony Bank were willful, rendering Puronics, LLC and Synchrony Bank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

88. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Puronics, LLC and Synchrony Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Naomi Stein, an individual demands judgement in her favor against Puronics, LLC and Synchrony Bank for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Puronics, LLC and Synchrony Bank)**

89. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

90. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

91. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

92. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

93. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

94. Puronics, LLC and Synchrony Bank are liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

95. After receiving the Dispute Notice from the Bureaus, Puronics, LLC and Synchrony Bank negligently failed to conduct their reinvestigation in good faith.

96. A reasonable investigation would require a furnisher such as Puronics, LLC and Synchrony Bank to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

97. The conduct, action and inaction of Puronics, LLC and Synchrony Bank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

98. As a result of the conduct, action and inaction of Puronics, LLC and Synchrony Bank, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

99. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Puronics, LLC and Synchrony Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Naomi Stein, an individual, demands judgement in her favor against Puronics, LLC and Synchrony Bank for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

100. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: February 9, 2023

Respectfully Submitted,

/s/ *Tamir Saland*
**Stein Saks, PLLC**
By: Tamir Saland
One University Plaza, Ste 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
tsaland@steinsakslegal.com